**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Case No.: 08-cv-00571-MSK

KARIN BERRIO

  Plaintiff,

v.

HARRISON SCHOOL DISTRICT NO. 2
And MIKE F. MILES,

  Defendants.

---

### STIPULATED MOTION FOR PROTECTIVE ORDER AND PROTECTIVE ORDER

---

  Each Party and each Counsel of Record stipulate to and request that the Court enter this Protective Order, pursuant to Fed. R. Civ. P. 26(c), concerning the treatment of Confidential Information (as hereinafter defined), and, as grounds therefor, state as follows:

  1. In this action, both Parties contemplate the exchange of Confidential Information (as defined in paragraph 2 below). The Parties also anticipate seeking additional Confidential Information during discovery and that there will be questioning concerning Confidential Information in the course of depositions. The Parties agree the disclosure of such information outside the scope of this litigation could result in significant injury to one or more of the Parties' business or privacy interests as well as to non-parties to this litigation. The Parties have entered into this Stipulation and request the Court enter its Protective Order for the purpose of preventing the disclosure and use of Confidential Information except as set forth herein.

  2. For purposes of this Order, "Confidential Information" means any document, file, portion of file, transcribed testimony, or response to a discovery request and duplicates thereof

designated by one of the Parties in the manner provided in paragraph 3 below as containing proprietary information, banking information, student identifying information, personal identifying data such as social security numbers and dates of birth, Plaintiff's medical records and the personnel files of Parties and/or non-parties to the litigation. The Parties recognize that public disclosure of such Confidential Information may cause embarrassment and/or an invasion of the right or expectation of privacy of Parties and non-parties. This Order, which protects the Parties and prohibits the public release of Confidential Information, as defined herein, allows the Parties access to information each seeks to discover while minimizing the harmful effects on all. The Court finds that the Parties properly seek to protect such Confidential Information as well as to protect all Parties and non-parties from any annoyance or embarrassment that unrestricted disclosure may potentially cause.

3.      Where Confidential Information is produced, provided or otherwise disclosed by a Party in response to any discovery request, it will be designated in the following manner:

a.      By imprinting the word "Confidential" on each page which contains Confidential Information as defined in Paragraph 2;

b.      With respect to transcribed testimony, by giving oral notice on the record at the time the testimony is given or providing written notice to opposing counsel designating such portions as "Confidential" no later than ten calendar days after receipt of the transcribed testimony;

c.      All personnel files, medical records and student identifying information shall be deemed "Confidential" whether so marked or not.

4.      Except with the prior written consent of the designating party or the prior order of this Court, Documents designated as "Confidential" and the information contained therein shall

be used in connection with this litigation only and shall not be disclosed to any person other than:

  a.  the parties to this litigation and their counsel of record;

  b.  employees and investigators of counsel of record who are assigned to assist such counsel in connection with this litigation;

  c.  third-party experts, consultants, or counsel retained specifically in connection with this litigation, provided that any such person agrees to maintain the confidentiality of Confidential Information, executes an affidavit in the form of Exhibit "A", attached hereto and provides such affidavit to counsel for party who is providing access to such Confidential Information;

  d.  any person who testifies at deposition or at trial in this proceeding, provided that such person agrees to maintain the confidentiality of Confidential Information, and executes an affidavit in the form of Exhibit "A", attached hereto, and provides such affidavit to counsel for party who is providing access to such Confidential Information;

  e.  the Court and its personnel.

5.  Individuals authorized to review Confidential Information pursuant to this Protective Order shall hold Confidential Information in confidence and shall not divulge the Confidential Information, either verbally or in writing, to any other person, entity or government agency unless authorized to do so by court order or applicable law.

6.  During the pendency of this action, a Party's counsel may request to inspect the affidavits maintained by opposing Party's counsel if the Party requesting inspection demonstrates substantial need in order to establish the source of an unauthorized disclosure of Confidential

Information and establish that the requesting Party's counsel is unable otherwise to identify the source of the disclosure. If the Parties cannot agree as to whether substantial need exists, then requesting Party's counsel may seek a court order requiring inspection under terms and conditions deemed appropriate by the Court.

7.      No copies of Confidential Information shall be made except by or on behalf of counsel in this litigation and such copies shall be made and used solely for purposes of this litigation.

8.      If opposing counsel objects to the designation of information as Confidential Information, he or she shall promptly inform the other Parties' counsel in writing of the specific grounds of objection to the designation. All counsel shall then, in good faith and on an informal basis, attempt to resolve such dispute. If after such good faith attempt, all counsel are unable to resolve their dispute, counsel opposing the designation of information as Confidential Information may request an order from the Court as to whether the information, after in camera inspection, is properly covered under the terms of this Order. Any such motion shall be filed within 14 days of notice to all counsel that a Party objects to the designation of documents or information marked Confidential Information. The information shall continue to have Confidential Information status from the time it is produced until the ruling by the Court on the motion.

9.      In the event of an inadvertent disclosure of a party's Confidential Information, the party making the inadvertent disclosure shall, upon learning of the disclosure: (i) promptly notify the person to whom the disclosure was made that it contains Confidential Information subject to this Protective Order; and (ii) promptly make all reasonable efforts to obtain the return

of, and preclude dissemination or use of, the Confidential Information by the person to whom disclosure was inadvertently made.

10.     In the event Confidential Information is used in any court filing or proceeding in this action, including but not limited to its use at trial, it shall not lose its confidential status as between the parties through such use.  Confidential Information may be used at trial subject to the Federal Rules of Evidence.  A party wishing to use Confidential Information in pleadings or briefs shall file a motion to file such document or pleading under seal.  Any such motion requesting leave to file documents under seal shall comply with the requirements of D.C.COLO.LCivR 7.2 and 7.3

11.     The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order.

12.     By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it.

13.     Upon termination of this litigation, including any appeals, each Party's counsel shall immediately return to the producing party all documents or information designated as Confidential Information, except exhibits filed of record, unless the parties agree to a method for the destruction of such Confidential documents.  The Parties may retain any work product or privileged information which also contains Confidential Information provided that the Confidential Information is protected from disclosure or use, or may destroy such information and provide notice to opposing counsel of such destruction.

14. Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

Dated at Denver, Colorado, this 30th day of July, 2008.

BY THE COURT:


s/ Kathleen M. Tafoya
KATHLEEN M. TAFOYA
United States Magistrate Judge

Submitted by:


/s/ Charles F. Kaiser
Charles F. Kaiser, Esq.
Colorado Education Association
1500 Grant Street
Denver, CO  80203

ATTORNEY FOR PLAINTIFF


/s/ Karen R. Glickstein
Karen R. Glickstein, Esq.
Shughart Thomson & Kilroy, P.C.
1600 Twelve Wyandotte Plaza
120 West 12th Street
Kansas City, MO  64105


Megan E. Harry, Esq.                    #35793
Shughart Thomson & Kilroy, P.C.
1050 Seventeenth Street, Suite 2300
Denver, CO  80265

ATTORNEYS FOR DEFENDANTS